IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL P. ARCHIBALD, | ) | CASE NO. 1:10CV2932 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| BENNIE KELLY, Warden, | ) | |
| Trumbull Correctional institution, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

Petitioner, Carl P. Archibald ("Archibald"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 29, 2010.  Doc. 1.  Archibald challenges the constitutionality of his conviction and sentence in the case of *State v. Archibald*, Case No. 05CR000734 (Lake Cty. 2006).  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the following reasons, Archibald's petition should be DENIED.

## I.  Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009) The Ohio Eleventh District Court of Appeals summarized the historical facts underlying Archibald's conviction as follows:

> **[¶2]** On April 29, 2005, appellant called the victim Christina Rusnak, his wife's girlfriend. He said he and his wife had been having marital problems and he needed to talk to someone. He asked Ms. Rusnak if she would meet with him at a local bar to talk. She agreed, but said she could only stay one-half hour. Appellant lured her to the house he was renting. He told her that his wife had kicked him out

1

of their home and was refusing to talk to him. As he talked about his wife, appellant became increasingly agitated. After about one-half hour, Ms. Rusnak said she had to leave, and as she reached for her purse, appellant grabbed her. He took out a pair of handcuffs and, while Ms. Rusnak was struggling with him, he handcuffed her. She was screaming and appellant told her to shut up and that he had a gun.

[¶3]  Appellant told Ms. Rusnak that she deserved this because it was her fault that his wife was cheating on him. He accused Ms. Rusnak of knowing his wife's paramour and said Ms. Rusnak should have told him about it. He then forced her to take various pills by physically putting them down her throat, and also forced her to ingest a powdery material that Ms. Rusnak believed was cocaine.

[¶4]  Appellant took Ms. Rusnak into a bedroom and took off her clothes. He then forced her to perform oral sex on him, and took photographs of this activity with his cell phone. He said he was going to show them to his wife to get back at her for cheating on him.

[¶5]  Appellant then grabbed Ms. Rusnak by her arms and lifted her up. He walked her backward toward the bed and pushed her on it while her hands were handcuffed behind her back. He then proceeded to further rape her digitally, vaginally, and anally. She sustained numerous cuts, abrasions, and scratches to her wrists, lower back and buttocks from the handcuffs.

[¶6] Following a jury trial, appellant was found guilty of five counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2); two counts of kidnapping, felonies of the first degree, in violation of R.C. 2905.01(A)(2); and five counts of sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(1). The trial court sentenced appellant to nine years in prison on each of the rape counts, each to run concurrently to the others, and four years on the first kidnapping charge, to run consecutively to the nine years imposed on the rape counts, for a total of 13 years in prison. The court found the second kidnapping count merged with the first, and that the sexual battery counts merged with the rape counts. The court also determined that appellant was a sexual predator.

Doc. 6, Exhibit 26, *State v. Archibald*, Case No. 08L123, 2009 Ohio 5425 (Ohio App. 11th Dist. 2009) ("*Archibald II*"); *see also* Exhibit, 16, *State v. Archibald*, 11th Dist. Case No. 2006L047, 2007 Ohio 4966, 2007 Ohio App. LEXIS 4425 (Ohio App. 11th Dist. 2007) ("*Archibald I*").[1]

---

[1]  The historical facts are taken from the decision in Archibald's second appeal (*Archibald II*) to the state appellate court, in which he challenged his re-sentence under *State v. Foster.*  The opinion in *Archibald I* provides a rendition of the evidence and procedural history in far greater detail than that in *Archibald II*, but such a lengthy recital of historical facts is unnecessary in this case.

## II.  Procedural Background

### A.    State Conviction

Archibald was indicted in 2005 by a the Lake County Grand Jury for the following: (1) five counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(2); (2) two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(2) and (4); and, (3) five counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(1).  Doc. 6, Exhibit 1, Indictment. On October 28, 2005, Archibald waived his right to be present at arraignment and the trial court entered pleas of not guilty on his behalf.  Doc. 6, Exhibit 2, Arraignment Entry.

On February 2, 2006, the State filed a motion in limine to exclude the following three subject areas at trial: (1) a May 24, 2004, incident involving the victim's son; (2) a series of incidents relating to the victim's ex-husband; and (3) the victim's attendance at, or hosting, a "Pure Romance" party.  Doc. 6, Exhibit 3, Motion in Limine.  On February 6, 2006, Archibald filed a responsive brief.  Doc. 6, Exhibit 4, Brief in Opposition.  At an in-chambers hearing immediately before the start of trial, the trial court excluded any evidence related to "Pure Romance" parties under the Ohio Rape Shield Statue.  Doc 6, Exhibit 9, Appellant Brief, p. 1.

Trial commenced on February 9, 2006, and, following a three-day trial, the jury found Archibald guilty on all counts in the indictment.  Doc. 6, Exhibit 5, Judgment Entry.  On February 27, 2006, Archibald was sentenced to an aggregate term of thirteen years incarceration. Doc. 6, Exhibit 6, Judgment of Sentence.  The court sentenced Archibald to nine years in prison for each of the five rape counts, to be served concurrently to each other, and merged the five sexual battery counts into the rape counts.  *Id.*  The court also merged the two kidnapping counts together and sentenced Archibald to four years in prison for the kidnapping counts, to be served

consecutive to the nine-year sentence on the rape counts.  *Id.*  The court also found Archibald to

be a sexual predator under Ohio Rev. Code § 2950.04.  Doc. 6, Exhibit 7, Judgment Entry.

**B.**  **Direct Appeal – *Archibald I***

On March 29, 2006, Archibald, with the assistance of trial counsel, timely appealed his

conviction, sexual predator classification, and sentence to the Eleventh District Court of Appeals,

Lake County, Ohio.  Doc. 6, Exhibit 8, Notice of Appeal.  On November 6, 2006, Archibald,

through new counsel, filed his brief and raised the following four assignments of error:

1. The trial court erred when it barred the admission of defense evidence under
   Ohio's rape shield law in violation of the Defendant-Appellant's right to due
   process and fair trial and to confront witnesses as guaranteed under the Fifth,
   Sixth and Fourteenth amendments of the United States Constitution and
   Section 10, Article I of the Ohio Constitution.

2. The trial court erred to the prejudice of the Defendant-Appellant when it
   returned a verdict of guilty against the manifest weight of the evidence.

3. The trial court committed reversible error when it labeled the Defendant-
   Appellant a sexual predator against the manifest weight of the evidence.

4. The trial court erred when it sentenced the Defendant-Appellant to a more-
   than-the-minimum, consecutive sentence based upon a finding of factors not
   found by the jury or admitted by the Defendant-Appellant in violation of the
   Defendant-Appellant's state and federal constitutional rights to trial by jury.

Doc. 6, Exhibit 9, Appellant Brief.  The State filed a brief opposing Archibald's assignments of

error.  Doc. 6, Exhibit 10, Appellee Brief.

On September 26, 2007, the appellate court affirmed Archibald's conviction and sexual

predator classification, but reversed in part and remanded the case to the trial court for re-

sentencing pursuant to *State v Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  Doc. 6, Exhibit

16, Opinion.  When Archibald was convicted, sentencing discretion in Ohio was limited by a

number of statutes including Ohio Rev. Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, and

their presumption favoring the statutory minimum sentence for first offenders, as well as §

2929.14(C)'s fact-finding requirement for imposition of maximum sentences and §

2929.14(E)(4)'s fact-finding requirement for imposition of consecutive sentences.  In *Foster*, the

Ohio Supreme Court found these provisions unconstitutional in light of *Blakely v. Washington,*

*542 U.S. 296, 124 S. Ct. 2531, 2538 (2004)* because they required judicial factfinding before

imposition of a sentence greater than the maximum term authorized by a jury verdict or

admission of the defendant.  *Foster*, 845 N.E.2d at 494.  The Ohio Supreme Court severed

O.R.C. § 2929.14(B), (C) and (E)(4), thereby allowing trial courts full discretion to impose a

prison sentence within the statutory range without making findings or giving reasons for

exceeding the minimum sentence.  *Id.* at 498.  In addition, *Foster* held that its ruling must be

applied to all cases, like Archibald's case, that were on direct review.  *Id*. at 499.  Based on

*Foster,* the state appellate court determined that Archibald's sentence was unconstitutional and

remanded the case for re-sentencing consistent with *Foster.*

On October 31, 2007, Archibald, through counsel, filed a notice of appeal to the Ohio

Supreme Court.  Doc. 6, Exhibit 17, Notice of Appeal.  On that same date, Archibald filed a

memorandum in support of jurisdiction and asserted the following sole proposition of law:

1. Evidence related to the complainant's participation in and hosting of adult parties where sex toys are bought is not barred by Ohio's Rape Shield Law where such evidence does not involve sexual activity and where it is submitted to establish that the sexual encounter at issue was consensual.

Doc. 6, Exhibit 18, Jurisdiction Memorandum.  The State filed a memorandum in response.

Doc. 6, Exhibit 19, Memorandum in Response.  On February 6, 2008, the Ohio Supreme Court

declined to exercise jurisdiction and dismissed the appeal as not involving any substantial

constitutional question.  Doc. 6, Exhibit 20, Entry.

**C.      Re-sentencing Pursuant to *State v. Foster***

Meanwhile, on October 5, 2007, the State filed a motion for further proceedings with the trial court and asked the court to set Archibald for re-sentencing.  Doc 6, Exhibit 21, Motion for Further Proceedings.  At his original sentencing, the trial court made factual findings in order to impose a sentence greater than the statutory minimum and to impose consecutive sentences. Doc. 6, Exhibit 6, Judgment Entry of Sentence.  These additional factual findings, which were made under the provisions of the Ohio Revised Code that were severed by *Foster,* had not been admitted by Archibald and were not found by a jury.  Under *Foster*, Archibald's sentence was unconstitutional.  At his re-sentencing on remand, the trial court sentenced Archibald to the same thirteen-year term but, pursuant to *Foster,* did not make any additional factual findings.  Doc. 6, Exhibit 22, Judgment Entry of Sentence.

**D.      Direct Appeal of the Re-sentencing - *Archibald II***

On August 19, 2008, Archibald, through counsel, filed a notice of appeal to the Eleventh District Court of Appeals, Lake County, Ohio.  Doc. 6, Exhibit 23, Notice of Appeal.  On October 20, 2008, Archibald filed his brief and raised the following five assignments of error:

1.  The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitution.

2.  The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.

3.  The trial court erred when it sentenced the defendant-appellant to more-than-the minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.

4.  The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison term contrary to the rule of lenity.

     5.   The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators.

Doc. 6, Exhibit 24, Appellant Brief.  The prosecution filed a brief in opposition.  Doc. 6, Exhibit 25, Appellee Brief.  On October 13, 2009, the appellate court overruled all assignments of error and affirmed the judgment of the trial court.  Doc. 6, Exhibit 26, *Archibald II*.

On October 28, 2009, Archibald, through counsel, filed a notice of appeal to the Ohio Supreme Court.  Doc. 6, Exhibit 27, Notice of Appeal.  On that same date, Archibald filed his memorandum in support of jurisdiction and asserted the following five propositions of law:

1. A trial court violates an individual's rights under Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions when it sentences the individual to more-than-the-minimum prison terms that were not available to the court at the time the individual committed the offense.

2. A trial court violates an individual's rights to Due Process when it sentences the individual to more-than-the-minimum prison terms with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentences.

3. A trial court violates the principle of separation of powers provided in the United States and Ohio Constitution by sentencing an individual to more-than-the-minimum prison terms based on this Court's severance of offending statute provisions under *Foster*.

4. A trial court violates the Rule of Lenity when it imposes more-than-the-minimum prison terms upon an individual where the Rule of Lenity dictated a lesser penalty.

5. A trial court's decision to sentence an individual to more-than-the-minimum is contrary to the intent of the Ohio legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.

Doc. 6, Exhibit 28, Jurisdiction Memorandum.  The State waived its right to respond.  Doc. 6, Exhibit 29, Docket.  On December 30, 2009, the Ohio Supreme Court declined to exercise jurisdiction over Archibald's case and dismissed the appeal as not involving any substantial constitutional question.  Doc. 6, Exhibit 30, Entry.

**E.      Federal Habeas Corpus**

On December 29, 2010, Archibald, pro so, filed the instant petition for writ of habeas

corpus.  Doc. 1.  In his petition, Archibald asserted the following four grounds for relief:

> **Ground One:**  "The trial court erred when it sentenced the defendant-appellant to
> a more-than-the-minimum, consecutive sentenced based upon the finding of
> factors not found by the jury or admitted by the defendant-appellant in violation
> of the defendant-appellants [sic] state and federal constitutional rights to trial by
> jury. Sentencing was same day as the Ohio Supreme Court released its decision in
> *Foster*. Under *Foster*, the sentencing provisions are unconstitutional and
> appellant's sixth amendment right to a jury trial was violated."
>
> **Ground Two:** "Criminal Rule 52 (B) plain error."
>
> **Ground Three:**  "*State vs Underwood* – March 2010. Jointly recommended
> sentence maybe appealed if it is not 'Authorized by law.'"
>
> **Ground Four:**  Allied offenses of similar import – multiple counts. *State vs.
> Whitfield.*

Doc. 1.  On July 20, 2011, Respondent filed his Answer/Return of Writ.  Doc. 6.  On August 17,

2011, Archibald filed his Traverse.  Doc. 7.  On August 19, Respondent filed a Reply to

Archibald's Traverse.  Doc. 8.

## III.  Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to Archibald's habeas petition because he filed it

after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In

particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
>      application of, clearly established Federal law, as determined by the Supreme
>      Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" prong of § 2254(d)(1), a state court's decision is contrary to clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Mitchell v. Esparza,* 540 U.S. 12, 15-16, 124 S.Ct. 7 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000)). The "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527 (2003) (quoting *Williams,* 529 U.S. at 413). In order for a federal court to find a state court's application of Supreme Court precedent unreasonable, the state court's decision must have been "more than incorrect or erroneous, but rather must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (internal quotations omitted).

## IV.  Procedural Barriers to Review of Habeas Claims

A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States,* 532 U.S. 374, 381, 121 S.Ct. 1578 (2001).[2]

---

[2]  The AEDPA statute of limitations for filing a petition for a writ of federal habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

A petitioner must first exhaust all available state court remedies before presenting his habeas petition in federal court.  28 U.S.C. § 2254(b) & (c); *Rose v. Lundy,* 455 U.S. 509, 515-16, 102 S.Ct. 1198 (1982); *Lott v. Coyle,* 261 F.3d 594, 601 (6th Cir. 2001) *cert. denied sub nom Lott v. Bagley,* 534 U.S. 1147, 122 S.Ct. 1106 (2002).  To exhaust a claim, a petitioner must "fully and fairly" present it to the highest state court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  The exhaustion requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 882-883 (6th Cir. 1990); *Harris v. Rees*, 794 F.2d 1168, 1173 (6th Cir. 1986).

Under the procedural default hurdle, a federal court may not consider "contentions of general law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497 (1977).  A habeas petitioner can procedurally default a claim in two ways.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  First, if the petitioner has not fairly presented a claim to the state courts and, at the time he files his habeas petition, state law no longer allows him to raise it in the state courts, the claim is procedurally defaulted.  *Id.*  "Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."  *Williams*, 460 F.3d at 806.  Second, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)*, the Sixth Circuit established a four-part test to determine whether a claim is procedurally defaulted.  785 F.2d at 138.  This test requires federal habeas courts to determine: (1) whether the petitioner failed to comply with an applicable

state procedural rule, (2) whether the state court actually enforced the state procedural rule, (3) whether the state procedural rule was an "independent and adequate" state ground on which the state could rely to foreclose review of a federal constitutional claim, and (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138-39.

## V.  Analysis

### A.    Exhaustion and Procedural Default

Respondent argues that Archibald's second, third, and fourth grounds for relief are procedurally defaulted because he did not present these claims to the state courts and the claims would now be barred from presentment to the state courts by the doctrine of *res judicata.* Petitioner does not address these arguments in his Traverse.[3]

Upon review of the record, Archibald did not raise his second, third, or fourth grounds for relief in any of his appeals to the state appellate court or to the Ohio Supreme Court.  Therefore, Archibald failed to exhaust these claims.  Moreover, it is well settled that, if a petitioner fails to exhaust a claim in state court and the claim would now be barred from consideration by the state courts for procedural reasons, the claim is also procedurally defaulted on federal habeas review. *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074 (1996).  Because all of Archibald's direct appeals have concluded, he has no further state court avenue in which to present these claims and, as a result, he would be barred by *res judicata* from raising the claims in another state proceeding.  *State v. Perry*, 10 Ohio St.2d 175, 175- 76, 226 N.E.2d 104, syllabus (Ohio 1967).  The Sixth Circuit has consistently held that *res judicata* is an adequate and independent

---

[3] Except for the title page and the last four pages, Archibald's Traverse is a photocopy of the brief that he filed in his appeal to the Eleventh District Court of Appeals in *Archibald II.*  Doc. 7, pp. 2-24.  It appears that Archibald is attempting to assert all of the arguments he raised in that brief on habeas review.  As set forth above, all of the arguments relate to Archibald's first ground for relief and will be addressed in the next section.  Otherwise, in his Traverse, Archibald does not challenge any of the substantive arguments made by Respondent in his Return of Writ or set forth any additional facts or arguments regarding his second, third, or fourth grounds for relief.  Instead, he discusses a series of alleged inaccurate dates in the Return of Writ.  Doc. 7, p. 25.

ground justifying procedural default.  *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (finding that "Ohio's doctrine of *res judicata* as a procedural bar is regularly applied by the Ohio courts").  Thus, the first three factors of the *Maupin* test are met and these claims are procedurally defaulted unless Archibald can show cause for the default and actual prejudice.

Archibald does not argue cause to excuse the procedural default and no cause is apparent from the record.  Likewise, Archibald has not claimed any "prejudice," or a "fundamental miscarriage of justice."  Accordingly, the *Maupin* test is satisfied and Archibald has procedurally defaulted his second, third, and fourth grounds for relief and these claims should be denied.

**B.    Merits Review of Ground One**

Respondent concedes that Archibald has satisfied the exhaustion requirement for his first ground for relief and has not procedurally defaulted that claim.  Turning to the merits of this claim, Archibald argues that trial court erred when it imposed a greater-than-minimum, consecutive sentence based on facts not found by the jury in violation of his Sixth Amendment right to a jury trial.  Doc. 1, p. 5.  Archibald states his sentencing was the "same day as the Ohio Supreme Court released its decision in *Foster*. Under *Foster*, the sentencing provisions are unconstitutional and appellant's sixth amendment right to a jury trial was violated."  Doc 1, p. 5.

Archibald's first ground for relief asserts the same challenge that he made to his original sentence in *Archibald I* to the state appellate court, i.e., that his sentence was invalid under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  When Archibald was originally sentenced, the trial court made factual findings in order to impose a sentence greater than the statutory minimum and to impose consecutive sentences.  Doc. 6, Exhibit 6, Judgment Entry of Sentence. These additional factual findings, which were made under the provisions of the Ohio Revised

Code that were severed by *Foster,* had not been admitted by Archibald and were not found by a

jury.  In *Foster,* the Ohio Supreme Court struck down certain provisions of the Ohio Revised

Code that permitted sentencing enhancements based on judicial fact-finding.  845 N.E. 2d at

497-98.   The court then held that "trial courts have full discretion to impose a prison sentence

within the statutory range and are no longer required to make findings or give their reasons for

imposing maximum, consecutive, or more than the minimum sentences."  *Id.* at 498.  As

correctly noted by Respondent, the state appeals court found merit in Archibald's argument,

vacated his original sentence, and remanded the case for re-sentencing consistent with *Foster.*

*See* Doc. 6, Exhibit 16, *Archibald I,* 2007 Ohio 4966, at ¶¶ 102-105.  At his re-sentencing on

July 30, 2008, the trial court sentenced Archibald to the same thirteen-year term, which was

within its discretion and, pursuant to *Foster,* did not make any additional factual findings.  *See*

Doc. 6, Exhibit 22.  Archibald appealed his re-sentencing, and his re-sentencing was affirmed by

the state appellate court because *Foster* no longer required judicial fact-finding for trial courts to

impose greater than minimum or consecutive sentences, so long as the sentence for an individual

offense was within the statutory range.   The terms for Archibald's individual offenses were

within the statutory ranges, and non-minimum and consecutive sentencing was always

potentially available in Archibald's case.  Thus, Archibald's argument, on which he already

prevailed during his first appeal in *Archibald I,* is misplaced and does not provide him any relief

on federal habeas review.

  As discussed in footnote 3 above, Archibald's Traverse consists almost entirely of a

photocopy of the appellate brief that he filed in his appeal to the Eleventh District Court of

Appeals in *Archibald II.*  Doc. 7, pp. 2-24.  On the top of the first page of that brief, which would

be page two of the Traverse, Archibald hand-wrote the phrase "Ground One."  Doc. 7, p. 2.  It

appears that Archibald is attempting to incorporate by reference all of the arguments set forth in that brief in this case in further support of ground one, in which he challenges the constitutionality of his re-sentencing.  Because pro se litigants are held to less stringent standards, the arguments set forth in his state appellate brief, which were photocopied in his Traverse, will be addressed.

The five additional arguments contained in his appellate brief in *Archibald II* all relate to Archibald's re-sentencing after *Foster*.  Archibald argues that the retroactive application of *Foster* violated due process and the ex post facto clause.[4]  In *Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010), the Sixth Circuit rejected constitutional challenges to *Foster* based on due process, retroactive application, and the ex post facto clause.  Additionally, this Court, in numerous habeas cases, has rejected due process and ex post facto challenges to the retroactive application of *Foster.  See, e.g., McGhee v. Konteh,* No. 1:07CV1408, 2008 WL 320763 (N.D. Ohio Feb.1, 2008) (Nugent, J.); *Lyles v. Jeffreys,* No. 3:07CV1315, 2008 WL 1886077 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Cooper v. Hudsman,* No. 3:07CV610, 2008 WL 2001282 (N.D. Ohio May 5, 2008) (Polster, J.); *Watkins v. Williams,* No. 3:07CV1296, 2008 U.S. Dist. LEXIS 47557, 2008 WL 2484188 (N.D Ohio June 17, 2008) (Adams, J.); *Keith v. Voorhies,* No. 1:06CV2360, 2009 WL 185765 (N .D. Ohio Jan. 23, 2009) (Lioi, J.); *McKitrick v. Smith,* No. 3:08CV597, 2009 WL 1067321 (N.D. Ohio Apr. 21, 2009) (Gaughan, J.); *Orwick v. Jackson,* Case No. 3:09CV0232, 2009 WL 4043352 (N.D. Ohio Nov.20, 2009), (Boyko, J.); *Newsome v. Brunsman,* No. 1:08CV1938, 2010 WL 319792 (N.D. Ohio Jan.20, 2010) (Zouhary, J.).

---

[4] The Ex Post Facto Clause prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, which was innocent when done, (2) aggravates a crime, or makes it greater than it was, when committed, (3) changes the punishment to inflict greater punishment than the law provided when the crime was committed, or (4) alters the legal rules of evidence so that less or different testimony is required than at the time the offense was committed.  *Rogers v. Tennessee,* 532 U.S. 451, 456, 121 S.Ct. 1693 (2001).

The reasoning contained in these numerous decisions unanimously rejecting ex post facto and due process challenges to *Foster* applies to this case.  *Foster* did not change the elements of the offenses that Archibald was convicted of committing and Archibald faced the same penalty ranges for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. Indeed, during the initial sentencing hearing, Archibald was subject to non-minimum consecutive sentences at the discretion of the trial court.  At re-sentencing, there was still the potential availability for non-minimum and consecutive sentences.  In other words, Archibald was always subject to consecutive, rather than concurrent, sentences.  In addition, *Foster* did not criminalize any acts done by Archibald before *Foster,* did not increase the offense categories of the crimes above what they were when they were committed, did not impose a greater punishment for the crimes, and did not alter any rules of evidence.  Accordingly, Archibald has failed to show that the state decision was contrary to or an unreasonable application of clearly established law as set forth by the U.S. Supreme Court.

Archibald's argument that the severance remedy adopted by the Ohio Supreme Court in *Foster* violates the principle of separation of powers is not cognizable on federal habeas review. The federal doctrine of separation of powers does not apply to the states.  *Sweezy v. New Hampshire,* 354 U.S. 234, 255, 77 S. Ct. 1203 (1957).  In Ohio, the state doctrine of separation of powers is "implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government."  *State ex rel Bray v. Russell,* 89 Ohio St.3d 132, 134, 729 N.E. 2d 359 (2000).  But it has never been held that violation of a State's separation of powers doctrine by a state supreme court somehow violates the United States Constitution.  *Stafford v. Warden, Marion Correctional Inst.*, No. 1:09CV417, 2010 WL 3703236, at *7 (S.D. Ohio July 27, 2010).  A

federal habeas court sits only to consider and remedy violations of the United States Constitution. 28 U.S.C. § 2254(a); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).  The issue of state separation of powers law is not a basis on which federal habeas relief may be granted and Archibald's separation of powers argument is therefore meritless.

Archibald's argument that his re-sentencing after *Foster* violated the rule of lenity is also without merit.  First, this claim is not cognizable on habeas review.  A federal habeas court has no power to grant relief based on the rule of lenity because the rule of lenity is merely a canon of statutory construction and "nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute." *Bowen v. Romanowski,* No. Civ. 05-cv-72754-DT, 2005 WL 1838329 (E.D. Mich. Aug.2, 2005).  Second, federal courts cannot vacate a state conviction on lenity grounds unless the state criminal statute is unconstitutionally vague or fails to give constitutionally required "fair notice." *Walker v. Warden, Chillicothe Correctional Inst.,* No 1:08-CV-580.Slip Copy, 2010 WL 419942 (S.D. Ohio Jan, 29, 2010) (citing *Lurie v. Wittner,* 228 F.3d 113 (2nd Cir. 2000)).  Archibald has not argued that Ohio's sentencing statute is unconstitutionally vague or that his sentence violated constitutionally required "fair notice" and, because *Foster* did not change the possible range of penalties Archibald faced, any such claim would be without merit.  Archibald is not entitled to habeas relief on his lenity argument.

Finally, with respect to Archibald's legislative intent argument, i.e., that *Foster* contradicted the intent of the Ohio legislature to limit judicial discretion in imposing criminal sentences, it is well-established that, when ascertaining the intent of a state legislature, federal courts must defer to, and are bound by, state courts' construction of state statutes. *Mo v. Hunter,* 459 U.S. 359, 368, 103 S. Ct. 673 (1983) (citing *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S.Ct.

16

740, 38 L.Ed.2d 702 (1974)); *Brown v. Ohio*, 432 U.S. 161, 167, 97 S. Ct. 2221 (1977) (Ohio Court of Appeals had "final authority to interpret that state's legislation."); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). The Sixth Circuit stated that, on federal habeas review, "[w]e cannot independently apply typical rules of statutory construction . . . to a state statute and conclude that the state courts were wrong in their reading of legislative intent." *Palmer v. Haviland,* 273 Fed. Appx. 480, 486 (6th Cir. 2008). In this case, the Ohio Supreme Court determined that the remedy fashioned in *Foster* preserved the intent of the Ohio legislature. *Foster,* 845 N.E.2d at 494-95, 497-99. This is a matter of state law and this Court is without authority to find that the Ohio Supreme Court erred in its statement of Ohio law. Archibald has therefore failed to show that the state decision was "contrary to" or an "unreasonable application" of clearly established Federal law.

In sum, Archibald is not entitled to habeas relief based on any of his arguments challenging the trial court's re-sentencing decision that are set forth in his state appellate brief, which he incorporated by reference into his Traverse.

### VI. Conclusion and Recommendation

For all of the reasons stated above, Archibald has not demonstrated that he is in custody pursuant to a judgment of the state court that adjudicated a claim in a manner that was contrary to or involved an unreasonable application of federal law as determined by United States Supreme Court, or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1) and (2). Accordingly, the Court should DENY and DISMISS Archibald's petition for a writ of habeas corpus with prejudice.

Dated: January 23, 2012

Kathleen B. Burke
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

18